IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RONALD HASKINS                              *

Plaintiff                                   *

v.                                          *        Civil Action No. JKB-15-664

WARDEN RICHARD J. GRAHAM, JR., et al. *

Defendants                                  *
                                          ***

# MEMORANDUM

This court issued an order requiring counsel for the Division of Correction to show cause why plaintiff's motion for preliminary injunctive relief should not be granted. ECF 6. On May 21, 2015, a response to the order was filed together with declarations under oath in support. ECF 12. Plaintiff has filed a reply (ECF 15, 20 and 21) and amends his complaint to include a claim for monetary damages (ECF 19). In addition, plaintiff has filed a motion to appoint counsel (ECF 16) and his motion to proceed in forma pauperis (ECF 4) remains pending. For the reasons stated below, the motion for preliminary injunctive relief shall be denied without prejudice and the claims for monetary damages shall proceed.

## Background

Plaintiff alleges he was transferred to Western Correctional Institution ("WCI") for retaliatory reasons and, upon his arrival, was denied the use of a medically prescribed wheelchair and four-prong cane, the latter of which he requires to walk. ECF 1 and 3. He claims he is the target of constant ridicule and harassment at WCI. He asserts that his cane and wheelchair were confiscated; he was denied prescribed medication; and he was denied access to showers and hot meals. ECF 3.

Defendants state that on July 31, 2014, plaintiff was transferred to Jessup Correctional Institution ("JCI"). Plaintiff's transfer back to WCI occurred because he assaulted another inmate, Charles Wyatt, while confined at JCI. The assault occurred on October 2, 2014, and after plaintiff was found guilty of a disciplinary rule violation, he received a 90-day segregation sentence. On January 30, 2015, plaintiff was transferred to WCI because the assault on Wyatt created an enemy situation at JCI and WCI was the first available institution with bed space. ECF 12 at Ex. 1, p. 1.

Defendants further state that plaintiff has misrepresented the medical order for wheelchair use which limits its use for long distances and is prescribed for one year. ECF 12 at Ex. 1, p. 10. In a declaration under oath, Defendant Dr. Colin Ottey states that plaintiff was evaluated on the day he arrived at WCI. It was then noted that plaintiff had a history of stroke with residual weakness, left foot drop, and chronic neck pain. Plaintiff reported he was unable to walk long distances, but that he was able to walk in the housing unit with his cane and that he required a leg brace. ECF 12 at Ex. 2, pp. 1 – 2. Following that evaluation, Dr. Ottey ordered a leg brace, cane, wheelchair for long distances with a wheelchair pusher, and bottom bunk bottom tier housing assignments for plaintiff. *Id*. Plaintiff is also prescribed Baclofen and Neurontin for treatment of pain and muscle stiffness. *Id*. Given his chronic medical conditions, plaintiff was scheduled for the internal medicine and pain management chronic care clinics. *Id*.

While plaintiff did in fact experience difficulties in receiving some of his medications on occasion, Dr. Ottey conducted a medication review on February 18, 2015, and consulted with the clinical pharmacist to address plaintiff's concerns about irregular administration of Neurontin. ECF 12 at Ex. 2, pp. 3 and 7. It was then determined that plaintiff's prescription for Neurontin should be changed from 600 mg. three times a day to 800 mg. twice a day. *Id*. Dr. Ottey states

that it is his medical opinion that the change in plaintiff's prescription is appropriate for his condition. *Id*. From February 20, 2015, through April 30, 2015, records reflect that plaintiff has regularly received the Neurontin dose prescribed. *Id*. at pp. 41 – 45. Dr. Ottey states that any occasional failure to administer Neurontin was not done to deliberately withhold treatment from plaintiff. *Id*. at p. 4.

In reply, plaintiff states that he has been incarcerated since 1997 and his institutional adjustment record does not include violence or gang activity, yet when he was found guilty of one infraction his security level was raised to maximum and he was transferred. ECF 15. He further states that while the medical records indicate he refused medical passes, he never refused to go out on a pass. *Id*. at p. 2. He alleges that it was not until this court issued the order to show cause that security staff started letting him go on medical passes with the use of his wheelchair. *Id*. Plaintiff further claims that he is not receiving Baclofen, a muscle relaxer, and that Dr. Ottey has admitted as much. *Id*. at p. 3. He further claims he is not being provided supplies for care of bowel and bladder incontinence, an issue that was not mentioned in the consultation report from Dr. Kole's office where plaintiff was evaluated for possible multi-level discectomy surgery. *Id*. at p. 4.

## Standard of Review

A preliminary injunction is an extraordinary and drastic remedy. *See Munaf v. Geren*, 553 U.S. 674, 689-90 (2008). To obtain a preliminary injunction, a movant must demonstrate: 1) that he is likely to succeed on the merits; 2) that he is likely to suffer irreparable harm in the absence of preliminary relief; 3) that the balance of equities tips in his favor; and 4) that an injunction is in the public interest. *See Winter v. Natural Resources Defense Council, Inc*, 555 U.S. 7, 20 (2008); *The Real Truth About Obama, Inc. v. Federal Election Commission*, 575 F.3d

342, 346 (4th Cir. 2009), *vacated on other grounds*, 559 U.S. 1089 (2010), *reinstated in relevant part on remand*, 607 F.3d 355 (4th Cir. 2010) (per curiam).

**Analysis**

In order to prevail on a claim of retaliation, Plaintiff "must allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). It is unclear how much of a showing of adversity must be made in order to survive a motion for summary judgment. *Compare Burton v. Livingston*, 791 F.2d 97, 100-01 (8th Cir. 1986) ("complaint that a prison guard, without provocation, and for the apparent purpose of retaliating against the prisoner's exercise of his rights in petitioning a federal court for redress, terrorized him with threats of death" sufficient to state claim). "'A complaint which alleges retaliation in wholly conclusory terms may safely be dismissed on the pleading alone.'" *Gill v. Mooney,* 824 F.2d 192, 194 (2nd Cir. 1987) (quoting *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2nd Cir. 1983)); *Pierce v. King*, 918 F. Supp. 932, 945 (E.D.N.C. 1996) (conclusional allegations of retaliation insufficient to state claim).

> Retaliation, though it is not expressly referred to in the Constitution, is nonetheless actionable because retaliatory actions may tend to chill individuals' exercise of constitutional rights. *Perry v. Sindermann,* 408 U.S. 593, 597 (1972). Where there is no impairment of the plaintiff's rights, there is no need for the protection provided by a cause of action for retaliation. Thus, a showing of adversity is essential to any retaliation claim.

*ACLU of Maryland, Inc. v. Wicomico County, Md.*, 999 F.2d 780, 785 (4th Cir. 1993).

"In the prison context, we treat such claims with skepticism because '[e]very act of discipline by prison officials is by definition 'retaliatory' in the sense that it responds directly to

prisoner misconduct.'" *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996) (quoting *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994)).

Plaintiff's assertion that his transfer to WCI was retaliatory is belied by the legitimate reason provided by defendants, that he was found guilty of a disciplinary rule violation. Whether that infraction warranted an increase in his security level based on his institutional history is a matter that must be left to the discretion of correctional staff. It is not the province of this court to determine how a particular prison might be more beneficently operated; the expertise of prison officials must be given its due deference. *See Sandin v. Conner*, 515 U.S. 472, 482 (1995). Additionally, plaintiff does not have a cognizable liberty interest in the choice of prison where he is confined in the absence of the imposition of an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Id*. at 484.

Plaintiff's claim that denial of his wheelchair was retaliatory and requires injunctive relief granted in his favor appears to be moot based on his own admission that he is now being provided use of the wheelchair for purposes of long distance travel to medical appointments. ECF 15. Injunctive relief is an extraordinary remedy and where, as here, it appears the relief sought has already been provided, it is not appropriate for an order requiring it. Thus, plaintiff's request for preliminary injunctive relief will be denied, but without prejudice.

### Pending Motions and Amended Complaint

Plaintiff's motion to proceed in forma pauperis shall be granted. In his motion to appoint counsel, which is correspondence to the Clerk of this court, plaintiff asserts he is distraught with the idea of representing himself in this matter without the ability to obtain copies of materials needed or to obtain legal research. ECF 16. A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1) is a discretionary one, and may be considered where an

indigent claimant presents exceptional circumstances. *See Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975); *see also Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). Upon careful consideration of the motions and previous filings by plaintiff, the court finds that he has demonstrated the wherewithal to either articulate the legal and factual basis of his claims himself or secure meaningful assistance in doing so. Currently, there are no exceptional circumstances that would warrant the appointment of an attorney to represent plaintiff under § 1915(e)(1). Thus, his motion to appoint counsel shall be denied without prejudice.

Plaintiff has amended his complaint to include a claim for monetary damages (ECF 19) and adds a claim that he is currently being denied needed surgery for his neck (ECF 20). Pursuant to Federal Rule of Civil Procedure 15(a), "[a] party may amend its pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15 dictates that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The proposed amendments to the complaint shall be permitted and defendants are directed to respond to the allegations in the complaint as amended (ECF 3, 19, and 20).

A separate order follows.

July 15, 2015                                      /s/
Date                                               James K. Bredar
                                                   United States District Judge